Argued and submitted January 23, reversed and remanded April 5, 1989

HALLMAN et al,
*Appellants,*

*v.*

UNITED SERVICES AUTOMOBILE ASSOCIATION,
*Respondent.*

(A8601-00011; CA A47189)

771 P2d 288

William C. Snouffer, Judge.

Richard L. Lonergan, Portland, argued the cause for appellants. With him on the briefs was Clint A. Lonergan, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. On the brief were Ridgway K. Foley, Jr., P.C., Erich H. Hoffmann and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs suffered personal injuries and property damages in a vehicular accident with Robert O'Reilly. They obtained judgments against him and, after his failure to pay, brought this action pursuant to ORS 743.772 against defendant, O'Reilly's insurer. Defendant moved for summary judgment, contending that its policy was not in force at the time of the accident. That motion was denied. The case was then assigned to a different judge for trial. The trial judge announced at the outset that he "felt that there was no insurance coverage; and that even if we were to go to a jury trial, at the conclusion of the plaintiff's case, I would be required to bring a directed verdict." The court therefore refused to empanel a jury. Defendant attempted to renew its motion for summary judgment, but the court responded:

"I think in fairness, I did indicate to both counsel that I will allow counsel to call some witnesses and amplify the record."

The evidentiary presentation was made and, at its conclusion, the judge purported to direct a verdict for defendant. Plaintiffs appeal from the resulting judgment, and we reverse.

Plaintiffs' first assignment challenges the denial of a jury trial and other aspects of the truncated procedure that the court followed. Defendant's response takes the form, *inter alia,* of the jury argument that it maintains that the trial court correctly decided it did not have to make below: There is overwhelming evidence that no contract existed between it and O'Reilly on the date of the accident, because he had not made his premium payment and the policy had expired by its terms. However, that is not the question. The issue instead is whether the procedure that the court followed in answering that question was proper. It clearly was not. The trial judge had no authority to decline to empanel a jury on the basis of his evaluation of the likelihood of plaintiffs' being able to reach the jury, if one were empaneled, and to decide the case on the basis of an evidentiary hearing conducted in the absence of a jury. *See* ORCP 51.

Defendant also argues that the judgment can nevertheless be upheld on the theory that the court's ruling can be

treated as a reconsideration and granting of defendant's summary judgment motion. That argument is also incorrect. The court expressly refused to base its decision on the renewed motion. It heard evidence, and the judgment recites that it is based on the "court granting defendant's motion for directed verdict." We agree with plaintiffs' first assignment.[1]

Their second assignment is that the court erred by granting defendant's pretrial motion *in limine* to exclude evidence that went to issues other than the viability of the insurance contract. It is true that, if the factual issue of the validity of the policy is decided adversely to plaintiffs, no others will be of dispositional significance. However, it would be premature for us to decide now what questions of fact may arise or what evidence may be relevant.

Reversed and remanded.

---

[1] We do not comment on whether a motion for summary judgment may be considered on remand.